1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

UNITED STATES OF AMERICA,

CASE NO.  1:20-MC-00032-BAM

10

Plaintiff,

11

v.

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE

12

VICTOR HUGO GONZALES,

13

Defendant,

FINDINGS AND RECOMMENDATIONS REGARDING ELIZABETH RUBIO'S CLAIM FOR EXEMPTION

14

15

(Doc. No. 11)

**FOURTEEN (14) DAY DEADLINE**

16

WELLS FARGO BANK, N.A.,

17

Garnishee.

18
19
20

Currently before the Court is Elizabeth Rubio's Claim for Exemption and Request for Hearing

21

filed on June 12, 2020. (Doc. No. 11.) The matter was referred to the undersigned pursuant to 28 U.S.C.

22

§ 636(b)(1)(B) and Local Rule 302(c)(7). For the reasons discussed below, the Court will recommend

23

that Ms. Rubio's Claim for Exemption be GRANTED IN PART and DENIED IN PART.

## I.      BACKGROUND

24

On August 23, 2019, pursuant to a plea agreement with the United States, Defendant Victor

25

Hugo Gonzales ("Defendant") entered a plea of guilty to one count of an indictment charging him with

26

bank fraud in violation of 18 U.S.C. § 1344.  (*United States v. Victor Hugo Gonzales,* Case No. 1:18-cr-

27

00017-LJO-SKO-1, Doc. Nos. 1, 17-18.)  On January 21, 2020, Defendant was sentenced to one day in

28

custody, five years of supervised release, and ordered to pay a statutory assessment of $100.00 and $333,841.12 in restitution.  (*Id.* at Doc. Nos. 24-25.)  According to the United States, as of May 20, 2020, Defendant owes restitution in the amount of $307,691.12.  (Doc. No. 1 at 2.)

In an attempt to collect the restitution and special assessment owed, the United States filed an application for a writ of continuing garnishment (bank, stock, or brokerage accounts) against property and account(s) in the possession, custody, or control of Garnishee Wells Fargo Bank, N.A. ("Garnishee") in which Defendant and/or his spouse, Elizabeth Rubio, have an interest.   (Doc. No. 1.) The Clerk of Court issued the writ on May 27, 2020.  (Doc. No. 3.)  The United States subsequently served the Garnishee, Defendant, and Ms. Rubio, with copies of the writ and related documents.  (Doc. Nos. 7, 9.)  The documents advised Defendant and Ms. Rubio, among other things, of their rights to claim exemptions to garnishment and request a hearing on their claims, request a hearing to quash the writ, and/or object to the Garnishee's answer of garnishee (the "Answer") and request a hearing thereon. (*See* Doc. No. 7.)

The Garnishee filed its acknowledgement of service and Answer on June 12, 2020, identifying two accounts for which Defendant and Ms. Rubio are joint owners: : 1) Account No. XXXXXX0868 with an approximate value of $62,277.02; and 2) Account No. XXXXXX3364 with an approximate value of $38,736.96. (Doc. No. 10.) The Garnishee served the Answer on Defendant and Ms. Rubio on June 4, 2020.  (*Id.*.) On June 12, 2020, Ms. Rubio, appearing *pro se*, filed her Claim for Exemption and Request for Hearing form. (Doc. No. 11.) According to the forms filed with the Court, Ms. Rubio requested a hearing with the Court because she contends that the property the United States is seeking is subject to an exemption and the United States additionally has not complied with its statutory requirements for the issuance of a post-judgment remedy. (*Id.*) The Court issued an order on June 17, 2020, setting a briefing schedule regarding Ms. Rubio's request. (Doc. No. 14.) The United States filed a written response on June 30, 2020, which was served by mail on Ms. Rubio at her address of record. (Doc. Nos. 15-16.) Ms. Rubio did not file a reply with the Court. On August 3, 2020, the Court issued an order setting a hearing pursuant to Ms. Rubio's request for August 21, 2020. (Doc. No. 17.)

On August 21, 2020, the Court held a hearing on Ms. Rubio's Claim for Exemption and Request for Hearing remotely via Zoom. (Doc. No. 18.) Robin Tubesing appeared on behalf of the United States

and Ms. Rubio appeared *pro se*.

## II.  DISCUSSION

### A.  Legal Standards

Pursuant to the Mandatory Victims Restitution Act ("MVRA"), the United States may enforce a judgment imposing a fine, including restitution, in accordance with the practices and procedures for enforcing a civil judgment under the Federal Debt Collections Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001, *et seq. United States v. Mays,* 430 F.3d 963, 965, n.2 (9th Cir. 2005). The FDCPA sets forth the "exclusive civil procedures for the United States . . . to recover a judgment on. . . an amount that is owing to the United States on account of . . . restitution." *Id.* at 965.

The FDCPA permits the Court to "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). Property is defined under the FDCPA to include, in relevant part, "any present or future interest, whether legal or equitable, in real, personal . . ., or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust . . .)[.]" 28 U.S.C. § 3002(12).

Under the FDCPA, co-owned property is subject to garnishment under 28 U.S.C. § 3205 to the same extent co-owned property is subject to garnishment under the law of the State in which the property is located. 28 U.S.C. § 3205(a). California law provides that property acquired during marriage by either spouse is presumed to be community property and, to the extent that presumption has not been rebutted, may be garnished to collect on a spouse's restitution debt. Cal. Gam. Code §§ 760, 901, 910(a); *United States v. Samuel,* 2016 WL 632806, at *3 (E.D. Cal. Feb. 17, 2016); *see also United States v. Berger*, 574 F.3d 1202, 1203 (9th Cir. 2009) ("We hold that community property is available to satisfy a restitution judgment obtained under the MVRA against a criminally liable spouse, including that portion of the property that otherwise would potentially be awarded upon dissolution of marriage to an innocent spouse who was not involved in the criminal activity.").

A party may file a written objection to a garnishee's answer and request a hearing within twenty (20) days after receipt of the garnishee's answer. 28 U.S.C. § 3205(c)(5). The objecting party must state

the grounds for the objection and bears the burden of proving those grounds. *Id.* Pursuant to section 3202(d), where the judgment is not by default, the issues to be considered at the garnishment hearing are limited to determining the validity of any claim of exemption and the plaintiff's compliance with statutory requirements. 28 U.S.C. § 3202(d); *see also United States v. Dunford*, 2012 WL 2952187, at \*5 (S.D. Cal. June 18, 2012), *report and recommendation adopted*, 2012 WL 2952185 (S.D. Cal. July 19, 2012) ("A debtor's assertions in support of a request for a hearing must fall within the subject matter outlined in Section 3202(d).")

Property that would be exempt from a levy for taxes pursuant to certain provisions of the Internal Revenue Code, specifically 26 U.S.C. §§ 6334(a)(1)-(8), (10), and (12), is exempt from enforcement of a judgment under federal law. 18 U.S.C. § 3613(a)(1). Additionally, section 3205 sets forth the general requirements for a writ of garnishment. *See* 28 U.S.C. § 3205. In relevant part, the plaintiff must submit an application which includes: (1) the judgment debtor's name, social security number (if known), and last known address; (2) the nature and amount of the debt owed and the facts that not less than thirty (30) days has elapsed since demand on the debtor for payment of the debt was made and the judgment debtor has not paid the amount due; and (3) that the garnishee is believed to have possession of property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest. 28 U.S.C. § 3205(b)(1)(A)-(C). The plaintiff must also serve the garnishee and judgment debtor with copies of the writ, instructions to the garnishee for submitting an answer, and instructions to the judgment debtor for objecting to the answer and obtaining a hearing on the objections. 28 U.S.C. § 3205(c)(3).

**B.  Ms. Rubio's Claimed Exemptions**

Ms. Rubio completed a Claim for Exemption form which included descriptions of the exemptions provided in 26 U.S.C. § 6334(a) made applicable through 18 U.S.C. § 3613(a)(1). (Doc No. 11.) Specifically, Ms. Rubio claimed exemptions for wearing apparel and school books; fuel, provisions, furniture, and personal effects; books and tools of a trade, business, or profession; and minimum exemptions for wages, salary, and other income. *Id.* At the hearing, Ms. Rubio also claimed an exemption for funds received pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and deposited in to the accounts to be garnished.

With the exception of minimum exemptions for wages, salary, and other income, the exemptions

Ms. Rubio claimed on the Claim for Exemption form are ordinarily valid exemptions from garnishment. 18 U.S.C. § 3613(a)(1); 26 U.S.C. § 6334(a)(1)-(3).[1] However, as the United States correctly argues, it has not sought to garnish any of the items identified on Ms. Rubio's Claim for Exemption form. The United States only seeks to garnish Defendant and Ms. Rubio's bank accounts. *See United States v. Thomas*, 2012 WL 147876, at *4–5 (E.D. Cal. Jan. 18, 2012), *report and recommendation adopted,* 2012 WL 869512 (E.D. Cal. Mar. 9, 2012) (finding that claimed exemptions under 26 U.S.C. § 6334(a)(1)-(3) did not apply where the United States sought to garnish disposable earnings).

With respect to payments Defendant and Ms. Rubio received pursuant to the CARES Act, Congress enacted, and the President signed, the CARES Act into law in March of 2020 in order to address the ongoing COVID-19 pandemic. Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act included emergency financial assistance to families, individuals, and businesses affected by the COVID-19 pandemic. *See* Bill Announcement, 2020 WL 1485789, at *1 (Mar. 27, 2020). Under the CARES act, eligible individuals received a payment in the amount of $1,200.00 per individual, or $2,400.00 in the case of eligible individuals filing a joint return, plus $500.00 per qualifying child. 26 U.S.C. § 6428(a)(1)-(2). According to Ms. Rubio, she and her husband have three children and her family received a total of $3,900.00 in payments under the CARES Act. The United States argued at the hearing that those funds became general account funds once deposited. However, the United States represented that it was sympathetic to the original purpose of the CARES Act funds and was willing to accept the Court's ruling exempting those funds from garnishment. Accordingly, the Court will recommend that the $3,900.00 in payments Defendant and Ms. Rubio received under the CARES Act be permitted to be claimed as exempt from garnishment.

### C.  The United States' Compliance with Statutory Requirements

Ms. Rubio also objected to the Answer on the grounds that the United States failed to comply with statutory requirements for the issuance of a post-judgment remedy. (Doc. No. 11.) Specifically, Ms. Rubio argued that she and Defendant understood that the amount could be paid in payments. (*Id.*) Ms. Rubio indicates that she and Defendant have been sending payments to the Court and those checks have

---

[1]  The minimum exemption found in 26 U.S.C. § 6334(a)(9) for wages, salary, and other income is not included in the list of exemptions incorporated into 18 U.S.C. § 3613(a)(1).

been cashed. (*Id.*)

In its response, the United States notes that the judgment imposed against Defendant provided that restitution was to be made in a lump sum payment "due immediately" with special instructions that Defendant pay $50,000.00 within fifteen (15) days of the date of the judgment.  (Doc. No. 15 at 2-3; *see also United States v. Victor Hugo Gonzales,* Case No. 1:18-cr-00017-LJO-SKO-1, Doc. No. 25.) According to the United States, Defendant has not paid these amounts and instead made a lump sum payment of $25,000.00 on February 6, 2020, a payment of $250.00 on April 7, 2020, a payment of $450.00 on April 21, 2020, and a payment of $550.00 on May 18, 2020. (Doc. No. 15 at 3.) Defendant's payments as of the date of the United States' response total $26,250.00 and the remaining balance of the judgment is $307,691.12, which is due and payable in full. (*Id.*) The United States represents that it is not under any payment agreement with Defendant and his payment obligations are instead governed by the judgment, which requires payment in full due immediately. (*Id.*)

Ms. Rubio has failed to carry her burden of establishing the grounds for her objection to the Answer. *See* 28 U.S.C. § 3205(c)(5). According to the terms of the judgment, payment in full was due immediately and $50,000.00 was due within fifteen (15) days of the date of the judgment. *(See United States v. Victor Hugo Gonzales,* Case No. 1:18-cr-00017-LJO-SKO-1, Doc. No. 25.) Ms. Rubio has not produced any evidence of a payment agreement. Moreover, the grounds Ms. Rubio identifies in her objection are not statutory requirements for issuance of post-judgment remedy. The United States included the statutorily-required information in its application and complied with its service obligations under section 3205. (*See* Doc. Nos. 1, 7, 9.) Specifically, the United States' application included: (1) Defendant's name, redacted social security number, and last known address; (2) the nature and amount of the debt owed and the facts that not less than thirty (30) days has elapsed since demand for payment of the debt was made and the Defendant has not paid the amount due; and (3) that the Garnishee is believed to have possession of property (including nonexempt disposable earnings) in which Defendant has a substantial nonexempt interest. *See* 28 U.S.C. § 3205(b)(1)(A)-(C). The United States also served the Garnishee, Defendant, and Ms. Rubio with copies of the writ, instructions to the garnishee for submitting an answer, and instructions to the judgment debtor for objecting to the answer and obtaining a hearing on the objections. *See* 28 U.S.C. § 3205(c)(3). Ms. Rubio has not identified any requirements

with which the United States failed to comply or otherwise established any grounds for a valid objection to the Answer.

The Court notes that, at the hearing, Ms. Rubio expressed willingness to negotiate a payment plan for the remainder of the restitution amount due. The United States likewise expressed willingness to consider negotiations should Defendant's counsel contact it.

## III.    ORDER AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

The Clerk of Court shall serve a copy of these Findings and Recommendations on Elizabeth Rubio at 10614 Stone Haven Dr., Bakersfield, CA 93306, and on Nicholas Anthony Capozzi, counsel for Defendant, at 2115 Kern Street Suite 103, Fresno, CA 93721.

The United States shall serve a copy of these Findings and Recommendations on the Garnishee Wells Fargo Bank, N.A., and promptly file proof of such service with the Court.

Further, based on the foregoing, IT IS HEREBY RECOMMENDED that Elizabeth Rubio's claim of exemption be GRANTED IN PART as to the $3,900.00 in payments received pursuant to the CARES Act and deposited in Defendant and Ms. Rubio's accounts with the Garnishee;

IT IS FURTHER RECOMMENDED that Ms. Rubio's objections and claims of exemption to the remainder of the funds held by the Garnishee (Doc. No. 11) be DENIED, and be subject to garnishment.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

///

///

///

///

magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 24, 2020**          /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE